IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHANE LIETZ,

                      Plaintiff,                      OPINION AND ORDER

v.                                                          16-cv-505-wmc

NICHOLOS KHRAN

                      Defendant.

*Pro se* plaintiff Shane Lietz is proceeding in this lawsuit on First Amendment retaliation and Fourteenth Amendment excessive force claims against Nicholas Khran stemming from an incident where Khran allegedly placed Lietz in segregation and arranged for a cell extraction during which Lietz's arm was broken. Lietz was incarcerated at the Dane County Jail when he filed his complaint on June 18, 2016, but he has since been released from jail and is currently not incarcerated. Currently pending before the court is defendant's motion for summary judgment for failure to exhaust administrative remedies. (Dkt. 15.) In his motion, defendant seeks dismissal of this lawsuit because Lietz failed to file a grievance against Khran while he was incarcerated at the Dane County Jail, even though he filed a number of other grievances during his incarceration. While I will not resolve this motion, I am ordering the defendant to notify the court whether he wishes to pursue it in light of the fact that Lietz is no longer confined in jail or prison.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly

take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the [jail's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the jail administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ng*o, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust his administrative remedies before filing a lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, *defendant* bears the burden of establishing that plaintiff failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Looking at Lietz's current address, it appears that he has been released from incarceration. If so, then the requirements of the PLRA would not apply to him if he were to choose to refile this lawsuit to pursue the same claim against the same defendant. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (PLRA did not apply to former prisoner filing suit after his release); *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) ("[T]he status of the plaintiff at the time he brings his suit" determines whether the plaintiff is a prisoner subject to the PLRA's exhaustion requirements). Thus, even if the presiding judge dismisses Lietz's claims for failure to exhaust, Lietz would be able to refile those claims without the need to exhaust his administrative remedies. *See Miniz v. Pazera*, 2007 WL 4233455, *4 (N.D. Ind. 2007) ("Even if a prisoner has a case dismissed for failure to

2

exhaust available administrative remedies, they can refile the exact same complaint once they are released from prison without having to satisfy the exhaustion requirement.").

At this stage, it is likely that the parties have been engaging in some discovery, and dispositive motions are due in March of this year. That said, I have to ask whether Lietz remains engaged in this lawsuit in light of his failure to respond to defendant's motion for summary judgment. Therefore, it is hard to predict whether in response to dismissal of these claims, Lietz would file a new lawsuit to pursue his claims against Khran. This would result in the parties having to litigate this same case on a new timeline. Perhaps defendant already weighed these potential ramifications of pursuing this motion, but perhaps not.

All this being so, because Lietz *was* incarcerated at the time he filed this lawsuit, he is subject to the PLRA and defendant is entitled to assert an exhaustion defense. Defendant may have two weeks to advise the court whether he wishes to pursue the exhaustion defense. If he chooses to maintain his pending exhaustion motion, the presiding judge will resolve it.

ORDER

IT IS ORDERED that Defendant may have until **February 6, 2018**, to notify the court whether he wishes to pursue his exhaustion defense (dkt. 15) further.

Entered this 23rd day of January, 2018.

BY THE COURT:

/s/
STEPHEN L. CROCKER
Magistrate Judge