IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHANE LIETZ,

        Plaintiff,                            ORDER

      v.                                  16-cv-505-wmc

NICHOLOS KHRAN,

        Defendant.

Plaintiff Shane Lietz was granted leave to proceed *in forma pauperis* on First and Fourteenth Amendment claims of retaliation and excessive force against Nicholos Khran. Defendant filed an answer and a schedule was set to bring this case to resolution. From the record in this case, it appears that Lietz has abandoned prosecution of this action. Lietz did not participate in the August 1, 2017, telephonic pretrial conference, nor did he respond to defendant's summary judgment motion alleging that he failed to exhaust his administrative remedies. In addition, Lietz failed to respond to defendant's requests for authorization to release medical records, which prompted the court to issue a text only order on March 5, 2018, directing Lietz to respond to defendant's motion to compel. That order has been returned undelivered, reflecting that Lietz is not at the address he previously provided to the court and he has not provided the court with an updated address or other contact information.

It is not the obligation of either this court or the clerk's office to search for litigants. Rather, it is the litigant's responsibility to advise the court of any change to his or her contact information. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593, 2008 WL 4922422 (7th

1

Cir. 2008) (affirming the denial of a Rule 60(b) motion where movants claimed they did not receive notice of summary judgment due to a house fire, adding that "all litigants, including pro se litigants, are responsible for maintaining communication with the court"); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."). Because Lietz has failed to provide a current address, it appears that he has abandoned this case.

Accordingly, under the inherent power necessarily vested in a court to manage its own docket, the complaint will be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Ohio River Co. v. Carrillo*, 754 F.2d 236, 238 n.5 (7th Cir. 1984).

ORDER

IT IS ORDERED that the complaint filed by plaintiff Shane Lietz is DISMISSED without prejudice for want of prosecution. Relief from this order may be granted upon a showing of good cause.

Entered this 15th day of March, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge